# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| OUTDOOR MS, LLC, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| OUTDOOR SOLUTIONS, INC. ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff Outdoor MS, LLC d/b/a Outdoor Living Solutions ("OLS") by and through its undersigned counsel, files this declaratory judgment action against Defendant Outdoor Solutions, Inc. ("Defendant") and states as follows:

### Nature of the Action

1. This is a trademark action wherein OLS seeks a declaratory judgment that its trademark, OUTDOOR LIVING SOLUTIONS (the "OLS Mark"), does not infringe upon any alleged right Defendant claims in the OUTDOOR SOLUTIONS trademark (the "Defendant's Mark").

### Parties

2. OLS is a Mississippi limited liability company with a principal Alabama location at 28525 Nora Street, Madison, Alabama 35756.

3. Defendant is an Alabama corporation with a principal place of business at 310 Dan Tibbs Road, Huntsville, Alabama 35806.

## Jurisdiction & Venue

4. This complaint seeks declaratory relief.

5. This Court has federal question jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338 where the claims involve the determination of trademark rights under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and as a declaratory judgment action under 28 U.S.C. §§ 2201 and 2202.

6. This action for declaratory judgment is timely and proper. An actual case or controversy exists between the parties as set forth herein.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. This Court has personal jurisdiction over Defendant as it is an Alabama corporation and regularly conducts business within this the state and within the Northern District of Alabama.

## Facts Common to All Counts

9. On April 4, 2023 Defendant sent correspondence to OLS demanding that OLS cease using the Defendant's Mark. *See* Exhibit A.

10. On April 21, 2023, in response, and in an effort to avoid further conflict and resolve the dispute, counsel for OLS responded by indicating that OLS had inserted the word "Living" into its tradename and that no further alterations or

changes were required due to the "crowded field" regarding the phrase OUTDOOR SOLUTIONS.  *See* Exhibit B.

11.    More specifically, OLS noted that for Defendant to prevail on a claim of trademark infringement it must show, among other things, that OLS' use of its mark is likely to cause consumer confusion. Or, put another way, Defendant must show: (1) that it had trademark rights in the mark or name at issue; and (2) that OLS adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.

12.    The more third parties use a mark, the less protection that mark is afforded.  In a "crowded field," with widespread third-party use, a mark's strength is greatly diminished. Such is the case here. Defendant's Mark is weak due to the crowded field surrounding it.

13.    Notably, there are over 50 businesses in Alabama with names that contain the terms "Outdoor" and "Solutions."  Further, there are at least sixteen (16) companies using the words "Outdoor" and "Solutions" in their name within a few hour's drive of North Alabama, including some in the Huntsville metro area.  *See* Exhibit C.

14.    However, Defendant has continued it demand that OLS cease use of the words "Outdoor" and "Solutions" in any mark and expressly threatened suit against OLS.  *See* Exhibit D.

## Count I Declaratory Judgment of Non-Infringement

15. OLS hereby incorporates paragraphs 1 through 14, inclusive, as if fully set forth herein.

16. Defendant claims that its trademark rights are strong enough to demand that OLS cease the use of the words "Outdoor" and "Solutions" in its name. *See* Exhibits A and D.

17. Defendant's assertions create a reasonable apprehension by OLS that Defendant will file a lawsuit against OLS asserting claims for trademark infringement.

18. Defendant's Mark however is not entitled to broad protection due to the numerous examples of third-party use of the words "Outdoor" and "Solutions" in the region for similar or identical services.

19. The marks in question, namely the OLS Mark and the Defendant's Mark, are sufficiently different to avoid any consumer confusion.

20. OLS is entitled to continue to use the OLS Mark without any interference from Defendant.

21. OLS' conduct in advertising, promoting and using the OLS Mark is legitimate. Defendant's assertion of trademark infringement adversely affects OLS and will continue to do so until this Court makes a determination of OLS' absolute right to continue to use the OLS Mark.

22. The ends of justice require that a declaration of the OLS' rights in the OLS Mark be made to clarify the dispute.

23. OLS hereby seeks a declaratory judgment from this Court that: a) its use of the OLS Mark does not infringe any rights of Defendant relating to Defendant's Mark under federal, state, or common law; b) its use of the OLS Mark does not constitute false designation of origin or false description under federal, state or common law; and c) its use of the OLS Mark does not violate any applicable state or federal dilution statutes or principles of unfair competition and/or misappropriation.

## Jury Demand

24. OLS demands a trial by jury on all issues so triable.

## Prayer For Relief

25. OLS respectfully requests the following relief:

A. OLS hereby seeks a declaratory judgment from this Court that a) its use of the OLS Mark does not infringe any rights of Defendant relating to Defendant's Mark under federal, state or common law; b) its use of the OLS Mark does not constitute false designation of origin or false description under federal, state, or common law; its use of the OLS Mark does not violate any applicable state or federal dilution statutes or principles of unfair competition and/or misappropriation.

  B. That Defendant be required to pay to OLS the cost of this action, together with its reasonable attorney's fees; and

  C. Such other and further relief as the Court deems just and proper.

            *S/L. Franklin Corley IV*
            L. Franklin Corley IV (ASB-7350-T73C)
            Jeremy A. Smith (ASB-1731-J73S)

            **Attorneys for Outdoor MS, LLC**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: lfc@lanierford.com
    jas@lanierford.com

**Defendant is to be served at the following addresses by special process server:**

Brandon Davis, registered agent
310 Dan Tibbs Road
Huntsville, Alabama 35806